UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUNBELT RENTALS, INC.,                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO.  3:21-CV-396-KHJ-MTP

ECO ENVIORNMENTAL SERVICES and                                                  DEFENDANTS
MORRIS REAL ESTATE VI LLC,

ORDER

This dispute is before the Court on Defendant Morris Real Estate VI LLC's Motion to Dismiss [4]. For the reasons below, the Court finds the Motion to Dismiss should be DENIED.

I.  Facts and Procedural History

This action arises out of an open account Defendant Eco Environmental Services ("Eco Environmental") had with Plaintiff Sunbelt Rentals, Inc. ("Sunbelt"). Pl.'s Compl. at ¶ 12. Sunbelt rents equipment to its customers for use in construction projects. *Id.* at ¶ 8. In June 2020, Sunbelt approved Eco Environmental's credit application, setting up an open account through which Eco Environmental could rent equipment from Sunbelt on credit. *Id.* at ¶ 14. Beginning in July 2020, Eco Environmental rented equipment from Sunbelt on credit for a project at a property in Brookhaven, Mississippi. *Id.* at ¶15. Sunbelt asserts Defendant Morris Real Estate VI LLC ("Morris") owns the property. *Id.*

On August 1, 2020, Eco Environmental did not pay the rental amounts due for the equipment used on Morris's. *Id.* at ¶18. Sunbelt filed a construction lien claim on the property in the Chancery Court of Lincoln County, Mississippi for $34,129.39 based on the past due amounts. *Id.* at ¶ 19; *see* [1-5] at 2.

Sunbelt alleges Eco Environmental did not pay its overdue invoices or the outstanding balance on its open account. [1] at ¶ 20. According to Sunbelt's account summary for Eco Environmental, its outstanding balance is $92,668.11. *Id.* at ¶ 21. The account summary reflects overdue charges for rented equipment used for many projects, including equipment for Morris's property. [1-6]. Per the terms of the open account, all invoices not paid when due are subject to a service charge fee of 1.5% per month. [1] at ¶ 13; *see* [1-2] at 2.

Sunbelt sued seeking repayment of all debts and asserts four claims against Eco Environmental: breach of contract (Claim 1), action on open account (Claim 2), unjust enrichment (Claim 4), and attorneys' fees (Claim 5); and one claim against Morris: enforcement of lien on the property (Claim 3). [1] at ¶¶ 28-43.

Morris moved to dismiss Sunbelt's claims against it, arguing this Court lacks subject matter jurisdiction. [4]. The parties agree they are completely diverse; however, they dispute whether the amount in controversy exceeds $75,000 as 28 U.S.C. § 1332 requires.

II.   Standard

A party who files a Rule 12(b)(1) motion may challenge the facial or factual subject matter jurisdiction of a federal court. Fed. R. Civ. P. 12(b)(1); *see Oaxaca v.*

*Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981) (explaining the difference between facial and factual challenges to the court's subject matter jurisdiction). A facial attack requires the Court to accept all allegations in the complaint as true to determine whether the Court has subject matter jurisdiction, while a factual attack challenges the jurisdictional facts and allows the Court to determine matters outside the pleadings. *Id.* Regardless of the type of challenge, "the party seeking to assert federal jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

Federal subject matter jurisdiction typically arises under 28 U.S.C. § 1332 and § 1331. When, as here, a party premises subject-matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a) controls. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... citizens of different states."

III.   Analysis

As the party seeking to assert federal jurisdiction, Sunbelt has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Morris asks the Court to dismiss Sunbelt's action against it under Rule 12(b)(1) for lack of subject matter jurisdiction because the enforcement of the lien claim totals $34,129.39, exclusive of interests and costs, and therefore the amount

3

in controversy does not meet the jurisdictional threshold as required by 28 U.S.C. § 1332. [4] at 1; *see* Def.'s Morris Memo in Supp. [5] at 3.

On the other hand, Sunbelt argues that, on the face of the Complaint, the amount in controversy exceeds the jurisdictional requirement based on Eco Environmental's outstanding balance of $92,668.11. Pl.'s Resp. [13] at 1. Although Sunbelt presents multiple grounds for why the amount-in-controversy is met, the Court finds its argument on supplemental jurisdiction most persuasive.

Federal courts that have original jurisdiction over a case have broad authority to hear related state law claims as well. 28 U.S.C. § 1367. In pertinent part, § 1367(a) provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III…" *Id.*

Section 1367(b), however, makes exceptions to the broad grant of jurisdiction for certain diversity cases. *Id.* When original jurisdiction rests on § 1332, diversity jurisdiction, the Court does not have supplemental jurisdiction over claims by plaintiffs against persons made parties under the Federal Rules of Civil Procedure 14, 19, 20, or 24, or over claims by persons proposed to be joined under Rules 19 or 24. *Id.*; *see also State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004).

At the first step of the supplemental jurisdictional analysis, the Court must determine whether it has original jurisdiction over one of the claims based on either

§ 1332 or § 1331. Because Sunbelt asserts subject matter jurisdiction based on § 1332, the Court must now determine whether the parties are completely diverse and whether the amount in controversy is satisfied. The parties agree they are completely diverse, and thus the first requirement of § 1332(a) is satisfied. *See* Pl.'s Resp. at 2. Further, Sunbelt may aggregate its four claims against Eco Environmental to meet the amount in controversy requirement. The United States Supreme Court has long held a "single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated." *See e.g., Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Edwards v. Bates Cnty.*, 163 U.S. 269, 273 (1896). Based on the Complaint, the action for the open account (Claim 2) alone satisfies the amount in controversy because the unsettled debts as to Eco Environmental's open account totals $92,688.11. *See* [1] at ¶ 30; *see also* [1-6]. As a result, taken together, Sunbelt's claims against Eco Environmental exceed $75,000, and the Court has original jurisdiction over the claims.

The next step in the supplemental jurisdiction inquiry requires the Court to determine whether the supplemental claim, in which there is no independent basis for federal subject matter jurisdiction, is so related to the original claims that they form part of the same Article III case or controversy, or in other words, "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Thus, the Court must determine whether Sunbelt's enforcement of lien claim against Morris derives from a common nucleus of operative fact as the claims against Eco Environmental.

Sunbelt argues its claims against Eco Environmental and Morris arise out the same facts and form part of the same controversy. [13] at 8. In contrast, Morris maintains Sunbelt's claim against Eco Environmental is for a breach of contract collection on an open account, while the claim against Morris is to enforce a lien. Def.'s Reply [16] at 3. Morris therefore concludes that the claims against each Defendant are "distinct and separate actions of law and/or equity that do not form part of the same case or controversy." *Id.* (internal quotations omitted).

From the Complaint's face, all claims against Eco Environmental and Morris concern the same core factual issue: Eco Environmental's failure to pay the invoices and service charges for rented equipment, including the equipment rented for use at the Brookhaven property. Sunbelt alleges that, pursuant to Miss. Code Ann. § 85-7-403(1)(a), it has a valid lien on the Brookhaven property to secure payment for the equipment rented for use at such property. [1] at ¶ 33. Thus, the claims against both Eco Environmental and Morris all arise from Eco Environmental's unpaid debt. Accepting the allegations as true, the Court finds the claims are related enough for purposes of § 1332(a).

Because original jurisdiction depends solely on § 1332, subsection (b) of § 1367 is implicated. When, as here, the claim is by a plaintiff other than those proposed to be joined by Rule 19 or Rule 24, the Court must ask against whom the claim is brought. The Court does not have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with

the jurisdictional requirements of section 1332." *Yates*, 391 F.3d at 580 (quoting 28 U.S.C. § 1367(b)).

Morris argues that the Court cannot exercise supplemental jurisdiction because it is a party under Rule 24. [16] at 4. But that is not so. Morris did not intervene under Rule 24. *See* [1]. Based on the Complaint and Civil Cover Sheet, [1-7], Morris is an original party to the action. Morris also is not a party under Rules 14, 19, or 20 so § 1367(b) does not prevent the Court from exercising supplemental jurisdiction over Sunbelt's claim against Morris. The Court therefore finds that Sunbelt has met its burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.

IV. Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the Court's decision. For these reasons, the Court DENIES Morris' Motion to Dismiss. [4]. The parties should contact the Magistrate Judge within 7 days of this Order to schedule a Case Management Conference.

SO ORDERED AND ADJUDGED this the 8th day of October, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE