UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUNBELT RENTALS, INC.                                                                PLAINTIFF

V.                                                          CIVIL NO. 3:21-CV-396-KHJ-MTP

ECO ENVIORNMENTAL SERVICES                                           DEFENDANT

ORDER

Before the Court is Plaintiff Sunbelt Rentals, Inc.'s ("Sunbelt") Motion for Attorneys' Fees and Costs [25]. For the following reasons, the Court grants the motion.

I.      Facts and Procedural History

This action arises from Defendant Eco Environmental Service's ("Eco Environmental") failure to pay for equipment it rented from Plaintiff Sunbelt using an open account. The terms and conditions of the open account required Eco Environmental to pay all expenses Sunbelt incurred in collecting balances due, including reasonable attorneys' fees not to exceed "a sum equal to fifteen percent (15%) of the outstanding balances ow[ed]." Pl.'s Compl. [1] ¶ 13; Open Account Terms [21-3] at 2. Each time Eco Environmental rented equipment, it agreed to Sunbelt's rental terms and conditions, which required Eco Environmental to "pay all of Sunbelt's costs, including reasonable costs of collection, courts costs, [and] attorneys' fees and legal fees" that Sunbelt incurred in collecting any outstanding balances. [1] ¶ 16; Rental Terms and Conditions [21-4] at 2.

This Court granted default judgment for Plaintiff Sunbelt and awarded damages of $92,668.11 for the principal amount due; accrued service charges of 1.5% from July 23, 2020, until November 9, 2021, in the amount of $17,047.12, and any other service charges that will continue to accrue until the principal amount is fully collected; prejudgment interest at a rate of 8% from March 31, 2021, until November 9, 2021, in the amount of $4,529.31, and all interest that later accrues through the date of judgment; and post-judgment interest at the currently prescribed federal rate from the date of judgment until paid in full. *See* Order [23]. Sunbelt now seeks to recover its attorneys' fees and costs as provided under its rental and open account agreements. [25]. To date, Eco Environmental has not responded to this motion.

II.   Analysis

Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs the award and reasonableness of attorneys' fees. *Shelak v. White Motor Co.*, 636 F.2d 1069, 1027 (5th Cir. 1981). Under Mississippi law, contractual provisions for attorneys' fees are enforceable and must be enforced if the terms are clear and unambiguous. *See Trilogy Commc'ns, Inc. v. Thomas Truck Lease, Inc.*, 790 So. 2d 881, 888 (Miss. Ct. App. 2011); *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007). Here, both the open account and rental agreements allow for attorneys' fees. *See* [21-3] at 2; [21-4].

The "most useful starting point for determining the amount of a reasonable fee" is known as the "lodestar" method, which multiplies "the number of hours

reasonably expended on the litigation by a reasonable hourly rate." *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 271 (Miss. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotations omitted)). "[T]he issue of attorneys' fees must then be appropriately considered in light of Miss. R. Prof. Conduct 1.5(a) and the *McKee* factors." *Tupelo Redev. Agency v. Gray Corp., Inc.*, 972 So. 2d 495, 522 (Miss. 2007). Rule 1.5(a) factors include:

> (1) the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involves and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer performing the services; and
> (8) whether the fee is fixed or contingent.

*Ill. Cent. R. Co. v. Harried*, No. 5:06-cv-160-DCB-JMR, 2011 WL 283925, at *7 (S.D. Miss. Jan. 25, 2011) (citing Miss. R. Prof. Conduct 1.5(a)). The *McKee* factors are:

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).

Three attorneys and one paralegal from Butler Snow LLP ("Butler Snow") worked on this matter. Gregory Decal. [25-1] ¶¶ 2-3, 7-9. Butler Snow billed Sunbelt based on the actual time the attorneys and paralegal worked on the case at the hourly rate in effect then, and it applied a discount to each invoice. *Id.* ¶ 11. Based

on this, Butler Snow billed a total of $24,046.50 in hourly rates from April 26, 2021, though October 26, 2021, after applying discounts of $7,790.00. *Id.* ¶ 12. Butler Snow has also recorded fees of $10,825.00 between November 1, 2021, and December 15, 2021, which it has yet to bill to Sunbelt. *Id.* Additionally, Butler Snow recorded costs totaling $1,140.89 between April 26, 2021, and October 26, 2021. *Id.* These costs mainly consist of filing fees, service of process expenses, reproduction costs, and expenses related to the Notice of Lis Pendens. Pl.'s Memo in Support of Mot. for Fees [26] at 7.

Sunbelt attached a declaration from its lead attorney confirming the amount and reasonableness of the attorneys' fees sought and listing the rates and experience of the individuals who worked on the matter. *See* [25-1]. Sunbelt also attached copies of invoices and pre-bills, which reflect the amounts previously described. *See* Invoices [25-2]; Pre-bills [25-3]. The invoices and pre-bills describe the tasks Butler Snow performed, such as attempting to contact Eco Environmental to resolve this dispute, preparing and filing the complaint, applying for entry of default, and seeking and obtaining a default judgment. [25-2].

The default judgment awarded total relief of $114,244.54, excluding post-judgment interest and service charges that accrue monthly until the principal amount is paid in full. *See* [23] at 6. Accordingly, under the open account agreement, Sunbelt seeks $17,136.88 in attorneys' fees, which is equal to 15% of the $114,244.54 judgment, exclusive of post-judgment interest and accruing service charges. [26] at 6.

Based on the evidence submitted by Sunbelt, the Court finds that the attorneys' fees are reasonable considering the several factors set forth by Rule 1.5(a) of the Mississippi Rules of Professional Conduct and the *McKee* factors. The Court finds that it need not adjust the lodestar based on these reasonableness factors. Thus, Sunbelt has a right to recover $17,136.88 in attorneys' fees.

Sunbelt also seeks to recover costs it incurred in pursuing this matter in the amount of $1,140.89, as evidenced by the invoices. *See* [25-2]. The Court finds these expenses are reasonable and recoverable under Sunbelt's open account and rental agreements. Thus, Sunbelt is entitled to $1,140.89 in costs.

III.  Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS Plaintiff Sunbelt's Motion for Attorneys' Fees and Costs [25]. Sunbelt is awarded attorneys' fees of $17,136.68 and costs in the amount of $1,140.89.

SO ORDERED AND ADJUDGED, this the 11th day of February, 2022.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE